IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-HC-02164-M-RJ

| TAWOINE BANKS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WARDEN M. L. KING, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

On September 13, 2022, Tawoine Banks ("petitioner"), an inmate at F.C.I. Butner, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [D.E. 1]. On June 12, 2023, the court allowed the action to proceed. Order [D.E. 6]. On August 4, 2023, respondent moved to dismiss the action for failure to state a claim. Mot. [D.E. 11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 13]. On August 21, 2023, petitioner timely filed a response in opposition [D.E. 16].

For the reasons discussed below, the court grants respondent's motion to dismiss.

Background:

On November 26, 2001, petitioner was indicted in the U.S. District Court for the Middle District of North Carolina for multiple bank robberies committed in September and October 2021. See United States v. Banks, No. 1:01-CR-407 (M.D.N.C. Nov. 26, 2001), Indictment [D.E. 1]; United States v. Banks, No. 1:01-CR-408 (M.D.N.C. Nov. 26, 2001), Indictment [D.E. 1]; United States v. Banks, No. 1:01-CR-409 (M.D.N.C. Nov. 26, 2001), Indictment [D.E. 1]. In each case, petitioner was charged with Bank Robbery, in violation of 18 U.S.C. § 2113(a), Bank Robbery

with a Dangerous Weapon, in violation of 18 U.S.C. § 2113(d), and Carrying and Use of a Firearm during a Bank Robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See id. Petitioner pleaded guilty to three counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(d), and one count of Use of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and was sentenced to, *inter alia*, 162 months' incarceration to be followed by a five-year term of supervised release. Banks, No. 1:01-CR-407 (M.D.N.C. Aug. 8, 2002), J. [D.E. 33].

Prior to his release to his term of supervision, petitioner requested a transfer from the Middle District of North Carolina to the Eastern District of New York. See United States v. Banks, No. 1:16-cr-432 (E.D.N.Y. July 15, 2016), Order [D.E. 3]. On July 18, 2016, the U.S. District Court for the Eastern District of New York ordered the transfer of petitioner's term of supervision to the Eastern District of New York pursuant to 18 U.S.C. § 3605. Id.

On February 3, 2017, the U.S. Probation Office for the Eastern District of New York petitioned that court to issue a summons to revoke petitioner's term of supervision for drug use and failure to comply with a special condition imposed regarding residential re-entry center ("RRC") placement and, on February 8, 2017, the U.S. District Court for the Eastern District of New York issued a summons for petitioner to appear on February 14, 2017. See id., [D.E. 8].

On October 20, 2017, in the U.S. District Court for the Eastern District of New York, petitioner pleaded guilty to violation of home confinement and was sentenced to, *inter alia*, 10 months in custody and 3 years of supervised release. See id., J. [D.E. 19]. Petitioner was ordered to self-surrender to serve his sentence at the institution designated by the Federal Bureau of Prisons ("BOP") on December 8, 2017. Id. On December 6, 2017, petitioner and the Government filed motions to continue his voluntary surrender date. See id., [D.E. 22, 23]. Petitioner's motion was

2

granted, and he was ordered to self-surrender on January 19, 2018. Id., [D.E. 24]. On January 19, 2018, the U.S. District Court for the Eastern District of New York ordered a modification of petitioner's conditions of supervision to provide for home detention. Id., Order [D.E. 26].

On February 2, 2018, the U.S. Probation Office for the Eastern District of New York petitioned the U.S. District Court for the Eastern District of New York to issue another summons for additional noncompliance with terms of supervision pursuant to petitioner's unsuccessful discharge from a substance abuse treatment program, failure to submit to drug testing, out of district travel, new criminal conduct, and failure to follow the instructions of the probation officer. Id., [D.E. 28]. Petitioner was ordered detained in custody on April 3, 2018. Id., [D.E. 30].

On May 10, 2018, in the U.S. District Court for the Eastern District of New York, petitioner pleaded guilty to the first charge of the violation report and was sentenced to 12 months and one day in custody to run consecutively to the 10-month term he was currently serving. Id., Min. Entry. An amended judgment to correct a clerical error was entered on June 5, 2018. Id., [D.E. 38].

As supervised release revocation proceedings were pending in the U.S. District Court for the Eastern District of New York, petitioner was indicted in the U.S. District Court for the Western District of Texas for Conspiracy to Possess with Intent to Distribute a Controlled Substance. United States v. Banks, No. 18-CR-82 (W.D. Tx. Mar. 28, 2018), Indictment [D.E. 130]. Petitioner pleaded guilty to Count One of this indictment on September 24, 2018. Id., Min. Entry [D.E. 200]. On January 9, 2019, the U.S. District Court for the Western District of Texas sentenced petitioner to 120 months' incarceration to be followed by a five-year term of supervision. Id., J. [D.E. 269].

Petitioner now is serving an aggregate 142 month and 1 day term of imprisonment relating to the above convictions. See Pet. [D.E. 1-1] at 7.

3

Arguments:

In the instant § 2241 petition, as his first ground for relief, petitioner states that he is serving sentences for 1) violation of home confinement, 2) failure to participate in outpatient drug treatment, and 3) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. Pet. [D.E. 1] at 6–7. Petitioner contends that, because these are not "violent crimes," he is eligible for "time credits" under the First Step Act ("FSA"). Id. at 7.

As his second ground for relief, petitioner states: "The BOP DSCC has misappropriated [his] conviction classification in a discriminatory and systemic [sic] manner by wrongfully listing [him] with the offense code 130 as [his] current conviction, which doesn't at all coincide with the impositions set forth by the honorable judges who presided over [his] case." Id. Petitioner cites a sentence monitoring computation data sheet that purportedly "wrongfully has [him] committed to a current obligation that doesn't coincide with the current nature of [his] convictions" or with "the two other proper offense code 554 and 391 listings that do not render [him] FSA ineligible." Id.

As to his requested relief, petitioner asks the court to:

> Investigate and remedy [his] claims by ordering the BOP DSCC and the LCSI Butner Warden's Office to render [him] FSA eligible, and also [to] order the BOP DSCC to properly classify [him] within [his] sentence monitoring data sheet as FSA eligibility status is eligible [sic] as evidenced by [his] non-violent current convictions that coincide with the impositions identified thoroughly within the three judgements set forth by the Honorable Judges who presided over [his] cases.

Id. at 8.

In support of the motion to dismiss, respondent argues, *inter alia*, petitioner is ineligible for FSA relief because his current sentence is an aggregate term of imprisonment that includes a term of imprisonment pursuant to the revocation of his supervised release for his 2002 conviction

4

for use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Resp't Mem. [D.E. 12] at 8–13 (citing, *inter alia*, 18 U.S.C. § 3632(d)(4)(D)(xxii)).

In response, petitioner contends that his § 924(c) conviction is historical, not current. See Pet'r's Resp. [D.E. 16] at 1–3. Petitioner argues that: he was released from prison in November 2014 on the § 924(c) conviction; his October 2017 10-month sentence for violation of home confinement was fully served prior to his subsequent drug conspiracy conviction; and he had "completed 7 months (of the 12-month) second violation sentence, leaving 5-months on this sentence [sic]." Id. at 2. Petitioner asserts: "It seems disingenuous to aggregate a new 120-month non-violent sentence to a 10-month non-violent sentence (completed prior to aggregation) and the remaining 5-month non-violent sentence, and label them all as predicates of a previous [§] 924(c) sentence imposed in 2002 and completed in 2014." Id. Petitioner reiterates that, because his present judgments are for non-violent offenses, he is eligible for FSA relief. Id.

## Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In reviewing such a motion, the court accepts as true all factual allegations, but need not accept legal conclusions drawn from the facts, Iqbal, 556 U.S. at 678–79, nor "unwarranted inferences, unreasonable conclusions, or arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). The court liberally construes *pro se* filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), but the facts alleged still "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Under the FSA, by participating in BOP approved programming, an "eligible" inmate may earn "time credits" that reduce the custodial portion of his sentence. See 18 U.S.C. §§ 3621(h)(2), 3632(d)(4)(A), (D). An inmate, however, is ineligible to receive FSA "time credits" if serving a sentence for, *inter alia*, a conviction under § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime"); 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits").

Although petitioner argues he is serving a sentence for non-violent offenses, he is incorrect; his sentences in the U.S. District Court for the Eastern District of New York spring from the revocation of supervised release for his § 924(c) conviction. Banks, No. 1:16-cr-432 (E.D.N.Y.), Order [D.E. 3] (July 18, 2016) (noting his supervised release term runs from Nov. 10, 2014, to Nov. 9, 2019), J. [D.E. 19] (Oct. 20, 2017), Am. J. [D.E. 38] (June 5, 2018); see United States v. Haymond, 139 S. Ct. 2369, 2379–80 (2019) (acknowledging "an accused's final sentence includes any supervised release sentence he may receive" and "supervised release punishments arise from and are 'treated . . . as part of the penalty for the initial offense'" (quoting Johnson v. United States, 529 U.S. 694, 700 (2000)); United States v. Venable, 943 F.3d 187, 194 (4th Cir. 2019) (finding an appellant's revocation sentence was "a component of his underlying original sentence" and

6

"part of the penalty for his initial offense," such that he was "still serving his sentence for a 'covered offense' for purposes of the First Step Act"); United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998) ("[T]he term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of supervised release are all part of the original sentence."); United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996) ("The sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, just as the term of supervised release is an authorized part of the original sentence[.]").

Although petitioner argues he completed the sentences for his convictions in the U.S. District Court for the Eastern District of New York and now is serving a sentence for a conviction in the U.S. District Court for the Western District of Texas, the BOP appropriately aggregated these terms of imprisonment. See 18 U.S.C. § 3584(a) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively," and "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"), and (c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

Various courts considering the issue have found that a petitioner is statutorily ineligible to earn FSA time credit when serving an aggregate term of imprisonment that includes a sentence for a § 924(c) conviction. See McNeill v. Ramos, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (per curiam) (unpublished) (affirming dismissal without prejudice of § 2241 petition where the district court found a petitioner serving an aggregate term of imprisonment on a § 924(c) conviction statutorily ineligible for FSA "time credits"); Goodman v. Sage, No. 4:22-CV-00981,

7

2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (finding BOP's denial of FSA "time credits" for an inmate serving a sentence for a conviction under § 924(c) mandated by statute and rejecting an argument that petitioner's sentences for different offenses may be bifurcated to allow receipt of partial FSA "time credits" as "counter to the plain language of 18 U.S.C. § 3584(c)"); Keeling v. LeMaster, No. 0:22-CV-00096-GFVT, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022) (denying § 2241 petition for FSA "time credits" where the aggregate sentence included a sentence for a § 924(c) conviction); Sok v. Eischen, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022) ("Because petitioner's aggregate sentence includes a sentence predicated on a violation of 18 U.S.C. § 924(c) he is ineligible to earn time credits under the First Step Act."), report and recommendation adopted, No. 22-CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022); Eubanks v. Young, No. 5:21-CV-00351, 2022 WL 2398521, at *5 (S.D.W. Va. May 5, 2022) (finding a § 2241 petitioner serving a § 924(c) sentence was statutorily ineligible for FSA "time credits"), report and recommendation adopted, No. 5:21-CV-00351, 2022 WL 2400048 (S.D.W. Va. July 1, 2022); Allen v. Hendrix, No. 219CV00107BSMJTR, 2019 WL 8017868, at *3 (E.D. Ark. Dec. 13, 2019) (finding a § 2241 petitioner "*ineligible* to earn *any* [FSA] time credits for completing evidence-based recidivism reduction programs as a result of his [§ 924(c)] conviction" (emphasis original)), report and recommendation adopted, No. 2:19-CV-00107-BSM, 2020 WL 890396 (E.D. Ark. Feb. 24, 2020).

The court likewise finds that, because he is serving an aggregate term of imprisonment that includes a sentence for a § 924(c) conviction, petitioner is statutorily ineligible to earn any FSA "time credits." See Dahda v. Hudson, No. 23-3008-JWL, 2023 WL 2815920, at *2 (D. Kan. Mar. 7, 2023) (collecting cases and noting that, although the "FSA does not explicitly address a situation

8

involving multiple offenses or multiple sentences," the BOP would be entitled to *Chevron* deference in its interpretation of the statute (citing Lopez v. Davis, 531 U.S. 230, 242 (2001)).

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

For the reasons discussed above, the court: GRANTS the motion to dismiss [D.E. 11]; DISMISSES the § 2241 petition for failure to state a claim; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 28th day of November, 2023.

RICHARD E. MYERS II
Chief United States District Judge

9