IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-HC-02164-M-RJ

TAWOINE BANKS,

       Petitioner,

v.

       ORDER

WARDEN M. L. KING,

       Respondent.

On September 13, 2022, Tawoine Banks ("petitioner"), then an inmate at F.C.I. Butner, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1].

On November 28, 2023, the court, *inter alia*, granted respondent's motion to dismiss the action for failure to state a claim, denied a Certificate of Appealability, and entered judgment. See Order [D.E. 18]; J. [D.E. 19].

On July 29, 2024, petitioner moved for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Mot. [D.E. 20]. On October 23, 2024, the court directed respondent to respond to this motion for reconsideration. Order [D.E. 22]. On November 14, 2024, respondent filed a response. See [D.E. 24]. On November 25, 2024, petitioner filed a reply. See [D.E. 25]. On December 2, 2024, the court denied this motion for reconsideration. See Order [D.E. 26].

On December 20, 2024, petitioner filed the instant motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Mot. [D.E. 27].

Petitioner's Instant Motion:

In support of his instant motion, petitioner again claims that Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024) ("Loper Bright"), and Garland v. Cargill, 602 U.S. 406 (2024)

("Cargill") are intervening changes in controlling law. Compare Mot. [D.E. 27] at 1, with Mot. [D.E. 20]. Petitioner specifically argues that: the court erred in misapplying the plain language of 18 U.S.C. § 3632(d)(4)(D); "Aggregation under § 3584(c) cannot extend ineligibility to completed sentences"; and, rather than applying "independent judicial judgment," as required by Loper Bright and Cargill, the court improperly deferred to the Federal Bureau of Prisons ("BOP") interpretation "without critically examining its consistency with the statutory text [sic]." Id. at 1–2.

Petitioner also seeks to distinguish the cases to which the court cited in the prior order, arguing that these cases all pre-dated Loper Bright. See id. at 5, 9–10.

For relief, petitioner asks the court to: "Reject the BOP's interpretation that aggregation under 18 U.S.C. § 3584(c) extends ineligibility to completed sentences"; "Adhere to the plain language of 18 U.S.C. § 3632(d)(4)(D), which limits ineligibility to prisoners currently serving a disqualifying sentence"; "Follow Supreme Court precedent in Loper Bright and Cargill by exercising independent judgement and limiting agency overreach"; "Acknowledge the BOP's own policies (28 C.F.R. § 523.41(d) and Policy Statement 5410.01) that restrict ineligibility to current sentences"; and "Support the FSA's rehabilitative goals by ensuring eligibility for time credits is based on current, not completed, sentences." Id. at 11–12.

Discussion:

The decision to alter or amend a judgment is within the sound discretion of the court. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002).

Pursuant to Federal Rule of Civil Procedure Rule 59(e), the United States Court of Appeals for the Fourth Circuit recognizes three reasons for granting a motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

2

not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted).

Petitioner's instant motion for reconsideration essentially restates his earlier arguments, compare Mot. [D.E. 27], with Pet. [D.E. 1], and Mot. [D.E. 20], and Pet'r's Resp. [D.E. 25], and fails for the same reasons discussed in the prior orders, see Order [D.E. 18], Order [D.E. 26].

The court's prior order applied Loper Bright, conducted its own review of the language of § 3632(d)(4)(D) and § 3584(c), and found that, contra petitioner's arguments, he is ineligible for FSA time credits because, due to the revocation of his term of supervised release, he is serving an aggregated sentence that includes a sentence for a § 924(c) conviction. Order [D.E. 26] at 3–4.

Despite petitioner's assertions, one of the cases to which the court cited in its prior order, Giovinco v. Pullen, 118 F.4th 527 (2d Cir. 2024) ("Giovinco"), was decided *after* Loper Bright. Moreover, the cases cited considered and rejected similar arguments regarding § 3632(d)(4)(D) and § 3584(c). See Order [D.E. 26] at 4–5 (citing Giovinco, 118 F.4th at 531–32; Keeling v. Lemaster, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023); McNeill v. Ramos, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (per curiam) (unpublished); Sok v. Eischen, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023)). Petitioner, however, does not cite, and the court does not discern, any binding precedent that supports his arguments.

In sum, petitioner's instant motion for reconsideration fails because it merely disagrees with the court's prior orders and seeks to relitigate his earlier claims. See, e.g., Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and quotation marks omitted)).

3

Conclusion:

In sum, because petitioner fails to establish grounds for relief under Rule 59(e), the court: DENIES the instant motion for reconsideration [D.E. 27]; and DIRECTS the clerk to accept no further filings in this action aside from those related to any appeal.

SO ORDERED this 24th day of March, 2025.

RICHARD E. MYERS II
Chief United States District Judge

4

Case 5:22-hc-02164-M-RJ    Document 28    Filed 03/24/25    Page 4 of 4